15 N.J. Super. 471 (1951)
83 A.2d 545
NICHOLAS DiCATALDO, ET AL., PLAINTIFFS,
v.
HAROLD CORPORATION, A CORPORATION, MIDRO CORPORATION, A CORPORATION, DAVID CRONHEIM MORTGAGE COMPANY, A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 1, 1951.
*473 Messrs. Rothbard, Harris & Oxfeld (Mr. Emil Oxfeld appearing), attorneys for plaintiffs.
Messrs. Sandles & Sandles (Mr. Lester Sandles appearing), attorneys for defendants, Harold Corporation and Midro Corporation.
Mr. George J.H. Werner, attorney for defendant David Cronheim Mortgage Company.
STEIN, J.S.C.
Defendants, Harold Corporation and Midro Corporation, move to dismiss the complaint, vacate the restraints granted ex parte, and for an order directing the Register of Essex County to discharge lis pendens filed by the plaintiffs.
The complaint contains ten counts. Each count sets forth a prayer for specific performance of an alleged agreement to sell to each plaintiff a certain lot and to construct thereon a *474 dwelling in a development in West Orange. All of the plaintiffs rely upon an alleged contract referred to in the complaint as "Exhibit A" which reads as follows:
 "TRIPLICATE MI-3-0938
 No. 148 Date April 8, 1950
I, NICHOLAS DiCATALDO, `The Purchaser,' residing at 222 Camden St., Newark, N.J. hereby agree to purchase from HAROLD CORPORATION, `The Seller,' the premises, Lot No. 54 in Block No. front design type A located on Nestro Road off Pleasant Valley Way, Map of Pleasant Hills Estates, West Orange, N.J., said premises to consist of a one-family dwelling, slab construction, radiant heat, 38' x 26' on a lot 55' x 100'  or  in accordance with plans and specifications of the seller to be filed with and approval of F.H.A. and/or V.A. and the Town of West Orange, for the price of $9990.00 payable as follows, a deposit of: Plus $250 extra for corner lot.
Paid chk $20.00 herewith, the receipt whereof is acknowledged 480.00 $480.00 on April 15, 1950, the further sum of 4/14 $1040.00 on May 15, 1950, and the balance of $8700.00 on the day of closing title by cash, or F.H.A. and/or V.A. combination loans to be secured by the purchaser.
The purchaser warrants that if he does not pay all cash for the purchase of the above property he can and will qualify for F.H.A. and/or V.A. combination loans and that his weekly earnings of (earnings must be filled in by purchaser) $4100.00, plus his record in all respects is and will be sufficient and clear for him to qualify for F.H.A. and/or V.A. combination loans.
The seller agrees that the premises will be delivered free and clear of any liens or assessments as of the time of closing, and the risk of loss by fire to the premises will be assumed by the seller until the time set for closing; the seller represents that the building will be within the lot lines, and the premises are in accordance with restrictions of record, if any.
The purchaser may exercise the privilege of selecting his or her choice of colors as offered by the seller in bathroom fixtures, wall and floor tile in bathroom, wall to wall carpet in living-dining room and choice of 75c grade wallpapers or one color of pastel wall paint.
Advance taxes, insurance, interest on mortgage if any, title fees, F.H.A. fees and closing costs of approximately $335.00 will be paid by the purchaser. The deed to be delivered by the seller shall be a warranty deed. Closing of title shall be at the office of the attorney for the seller, and shall take place within thirty (30) days after notification by the seller that final F.H.A. building construction approval has been obtained.
This contract is entered into upon the knowledge of the purchaser as to the value of the land and the building to be erected thereon. This contract is the full and complete agreement between the purchaser and seller and shall not be amended, changed or rescinded in *475 any manner whatsoever, except in writing only and signed by the purchaser and an authorized executive officer of the seller.
 WITNESS:
 Walter E. Glodek Nicholas DiCataldo
 ________________ ________________________________ L.S.
 Purchaser
 Rose DiCataldo
 ________________________________ L.S.
 Purchaser
 HAROLD CORPORATION (Seller)
 By
 ________________________________
 Authorized Officer
The amount of $20.00 cash received on account of the above.
 Received 5/15/50 $1040.00 ck
 R.C.S. Signature: Walter E. Glodek."
Walter E. Glodek is a real estate salesman employed by David Cronheim who conducts a general real estate and insurance business in Newark. The arrangement by which Cronheim operated in this matter is set forth in a letter dated April 12, 1950, and offered in evidence by agreement of counsel and marked "Ex. D-1." The letter reads:
 "April 12, 1950
 Harold Corporation
 24 Branford Place
 Newark, New Jersey
 Attention: Mr. Sidney Hollander
Dear Sir:
This is to confirm our understanding that any houses sold by the office of David Cronheim for the Harold Corporation, that our office is entitled to receive a commission of $150.00 per house on any houses sold by us on Nestro Road and Midro Road, West Orange, New Jersey. The said commission of $150.00 shall be paid if and when title closes.
It is also agreed that the office of David Cronheim is to receive an extra commission of 5% on any garages or other items sold by our office.
 Very truly yours,
 DAVID CRONHEIM
 (Signed) BLEECKER GELLATLY
 Bleecker Gellatly
 Director of Sales
 ACCEPTED: HAROLD CORP.
 S.J. Hollander
 Pres."
*476 The complaint alleges that upon the making of the alleged contract "Exhibit A" plaintiff Nicholas DiCataldo paid $20 on April 15, 1950, to Harold Corporation and the further sum of $400, both by check, which Harold Corporation received and deposited to its credit in the bank; that on May 15, 1950, an additional sum of $1,040 was paid on account of the purchase price by check, which check was likewise endorsed by Harold Corporation and deposited to its credit in its bank account. This, the complaint alleges, was a ratification and confirmation by the Harold Corporation of the agreement "Exhibit A" by which the sales agent Cronheim, through his salesman Glodek, accepted the deposit. Each count of the ten counts is predicated upon the same kind of agreement in writing and in each case the Harold Corporation received and deposited the payments made of the particular plaintiff mentioned therein.
The defendant, Midro Corporation, was organized by the same persons who are the stockholders in control of Harold Corporation according to the complaint, and "was organized as a part of the program for the development, and subdividing, construction and sale * * *" of the property and that both corporations are controlled by the same persons as one unit. On July 10, 1950, Harold Corporation conveyed the entire tract which is being developed to Midro Corporation. On August 1, 1950, Midro Corporation mortgaged the premises to David Cronheim Mortgage Company for the sum of $624,000, containing release clause of individual lots from time to time.
On June 12, 1951, Harold Corporation informed plaintiffs by letter that they possessed no contract for the sale of a house and lot, but that plaintiffs had merely offered to purchase a house and lot, and that unless plaintiffs paid an additional $610 above the purchase price mentioned the Harold Corporation would return the money which each plaintiff had paid. The letter is annexed to the complaint and marked "Exhibit B."
*477 Again on August 1, 1951, Harold Corporation wrote each plaintiff as follows:
"Dear Sir and Madam:
With reference to your offer to purchase a house on Midro Way, West Orange, New Jersey, made to us or through a broker, and your failure to personally write to us, we must believe that you are generally dissatisfied. We do not wish to sell any house to anyone who is in any way dissatisfied, therefore please call in person at our office at the above address in Room 414, or please write and all of your money will be refunded to you, provided your request is received within the next two weeks.
 Very truly yours,
 HAROLD CORPORATION
 /s/ Daniel Colella
 Daniel Colella, Pres."
The complaint charges that the delay on the part of the Harold Corporation in carrying out the contract was occasioned by the demand on the part of the corporation in the case of each plaintiff of an additional purchase price ranging from $610 to sums much in excess thereof, because of the increase in the cost of material and labor since the offer to purchase was made.
I have concluded that the complaint for specific performance must be dismissed for the reasons (1) that the agreement is too indefinite to permit of a judgment for specific performance. The agreement provides for the purchase of a lot in each of the ten counts, which lot is numbered in a certain block "front design type A located on Nestro Road off Pleasant Valley Way, Map of Pleasant Hills Estates, West Orange, N.J., said premises to consist of a one-family dwelling, slab construction, radiant heat, 33' x 26' on a lot 55' x 100' + or - in accordance with plans and specifications of the seller to be filed with and approval of F.H.A. and/or V.A. and the Town of West Orange, for the price of * * *." This leaves the contract too indefinite for specific performance as to the type of building or the plans under which the same was to be erected. And (2), it has many times been decided that the Court of Chancery will not grant specific performance of an agreement to construct *478 a building. This, because as in this case, damages at law constitute an available and adequate remedy, and further because of the practical inability of the court to compose a judgment or decree embracing with precision the specifications of the work to be done and to supervise its performance.
Again the contract here requires the approval of the F.H.A. (Federal Housing Administration) or V.A. (Veterans Administration). A decree compelling specific performance of such a contract rests in the will or discretion of third parties uncontrolled by defendants and would be a vain judgment. Fiedler, Inc., v. Coast Finance Co., Inc., 129 N.J. Eq. 161 (E. & A. 1941); Lester's Home Furnishers v. Modern Furniture Co., 1 N.J. Super. 365 (Ch. 1948).
Since there appears to be no privity of contract between the David Cronheim Mortgage Company and plaintiffs, the complaint against this defendant was on motion dismissed.
The complaint will not be dismissed as to the remaining defendants. The restraints granted ex parte will be vacated and the Register of Essex County directed to discharge the lis pendens of record.
I will entertain an order authorizing appropriate amendment of the pleadings and the transfer of the action to the Law Division for trial.